848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HAWTAL WHITING DESIGN AND ENGINEERING COMPANY, LTD.,
Plaintiff-Appellant,
v.
James H. MONTGOMERY, District Director, United States
Department of Justice; Immigration and
Naturalization Service, Defendants-Appellees.
 No. 87-1894.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Hawtal Whiting Design and Engineering Company, Ltd. ("Hawtal"), a foreign corporation incorporated under the laws of the United Kingdom, appeals the judgment of the district court dismissing Hawtal's complaint and denying Hawtal's motion for summary judgment against defendant James Montgomery, District Director, United States Department of Justice, Immigration and Naturalization Service ("INS"). On May 1, 1987, Hawtal filed a complaint in district court alleging that the INS had arbitrarily and capriciously denied thirty petitions for temporary workers' visas filed by Hawtal for its employees pursuant to section 101(a)(15)(H)(ii) of the Immigration and Naturalization Act of 1952, 8 U.S.C. Sec. 1101(a)(15)(H)(ii) (1982).
 
 
 2
 Hawtal argues that the district court erred in dismissing its complaint and denying summary judgment since the INS's interpretation and application of 8 U.S.C. Sec. 1101(a)(15)(H)(ii) are inconsistent with congressional intent. However, on August 11, 1987, this court, in a very similar case, upheld the interpretation of the statute urged by the INS. See Sussex Engineering, Ltd. v. Montgomery, 825 F.2d 1084 (6th Cir.1987), cert. denied, 108 S.Ct. 1473 (1988).
 
 
 3
 Upon consideration of the record and the briefs filed herein, we AFFIRM the judgment of the district court for the reasons stated in its memorandum order of August 14, 1987, and under our holding in Sussex Engineering, Ltd. v. Montgomery.